## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Perry

v.

Commonwealth of Virginia

January 30, 1985

Case No. (Chancery) CH-1058

By JUDGE PHILIP L. RUSSO

I will not recite the facts since they do not appear to be in dispute. The principal argument advanced by Mr. Lustig is that because the Virginia Real Estate Commission regulations in effect on March 4, 1980, did not specifically include the crimes of burglary, larceny, and possession of burglary tools, that the Commission was in error in revoking his client's license for having committed those offenses. He argues that the regulations in effect at the time of his client's crimes are the applicable regulations.

Mr. Zorn counters with the argument that the regulations under which Mr. Perry's license was revoked were adopted by the Commission on June 5, 1980, and became effective September 15, 1980. He further points out that even though the conduct which was the basis for the convictions took place on March 4, 1980, the convictions were meted out on April 24, 1981. He argues that the basis for a license suspension or revocation is a conviction and that Mr. Perry's convictions occurred after the new regulations became effective. He then argues that if the court should reject that proposition, that we would arrive at the same result by an interpretation of the regulations in effect on March 4, 1980, the date of the conduct which later resulted in convictions. He says that the enumerated offenses at that time were "forgery, embezzlement, obtaining money under false pretenses, extortion,

conspiracy to defraud, bribery, or other like offense or offenses" and that Mr. Perry's crimes, namely burglary, larceny and possession of burglary tools are "like offenses."

The Court is of the opinion that for the reasons stated in Mr. Zorn's memorandum of January 15, 1985, he is correct in both of these arguments. It seems to the Court that the words "[h]aving been convicted" are clear and unambiguous and that the activities which were the bases for the license revocation were the convictions. A person naturally cannot be guilty of a crime unless and until he has been convicted. It also seems that Mr. Zorn's alternate argument to the effect that the words "or other like offense or offenses" embrace the crimes committed by Mr. Perry is legally sound.

The court is also of the opinion that for the reasons stated in Mr. Zorn's memoranda, that Mr. Lustig's arguments that "The Commission's action also violates Substantive Provisions of the Basic Laws of the Commonwealth" and that "The Commission's Regulations, as Construed and Applied By the Commission in this Case are Unconstitutionally Vague and Indefinite" should also be overruled.

In short, it appears to the Court that common sense alone dictates that a person who has been convicted of burglary, larceny and possession of burglary tools should not have a license to be a real estate salesman. The very nature of this occupation mandates that such salesman be in possession of keys to their clients' premises and in many cases large sums of money belonging to their clients. In the mind of the Court, it is unthinkable that a burglar, a larcenist, or a possessor of burglar's tools should be placed in such a position of trust.